

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

February 21, 2020

## Via ECF

Honorable Joan M. Azrack, U.S.D.J.
U.S. District Court for the Eastern District of New York
Long Island Courthouse, Courtroom 920
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Casio et al. v. Vineyard Vines, LLC</u>, Case No. 2:19-cv-05135-JMA-AYS

Dear Judge Azrack:

We represent Vineyard Vines, LLC. ("Vineyard Vines"), the defendant in this action. We write to request a pre-motion conference regarding Vineyard Vines' intended motion to dismiss the Complaint under Rule 12(b)(6), and briefly state here the grounds for the motion.

**I.    Vineyard Mines' Outlet Marketing Is Not Plausibly Deceptive to Reasonable Consumers**

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Courts in this Circuit have recently dismissed false-advertising cases on this basis. *See, e.g., Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a food label because it would not communicate a misleading message to a reasonable consumer); *Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019) (same); *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 297, 334 (E.D.N.Y. 2018) (same).

    A.    <u>Reasonable Outlet Shoppers Know How Outlets Work and Are Not Plausibly Deceived by Common Outlet Practices</u>

This is one of dozens, or even hundreds, of recent suits that challenge the common and customary marketing practices of retail stores known as "outlets." Every reasonable outlet shopper is aware that outlets are a tier of retail store operated by many apparel and other companies, often in specialized outlet malls, as a lower-cost alternative to the companies' retail locations in higher-end shopping areas. Every reasonable outlet shopper is also aware that many outlets are stocked predominantly with merchandise produced specifically for outlets that,

Honorable Joan M. Azrack, U.S.D.J.
February 21, 2020
Page 2

while not necessarily of lower quality, may be produced at lower cost to the manufacturer for various reasons. These savings are passed to budget-conscious outlet consumers.

Plaintiffs pretend that outlet shoppers possess none of this common knowledge about outlet stores. They allege that consumers believe that outlet merchandise is identical to merchandise in full-price stores. Moreover, they allege that Vineyard Vines affirmatively leads consumers to these beliefs through the most innocuous of practices, such as printing a suggested retail price on price tickets. The Court need not credit complaint allegations that ignore or defy common knowledge and common sense. Ordinary knowledge of how outlets work is part of what it means to be a "reasonable consumer" under relevant case law, especially with respect to the outlet shoppers that constitute the putative class here. See *Becerra v Dr Pepper/Seven Up*, 945 F.3d 1225 (9th Cir. Dec. 30, 2019) (affirming dismissal of a false-advertising case alleging that "diet" sodas are misrepresented as weight-loss products because it is common knowledge that "diet" merely means low- or no-sugar in the context of a diet soda label).

      B.      <u>Plaintiffs Fail to Allege Truthfully Even a Single Example of the Conduct They Challenge</u>

The Complaint consists mainly of sweeping allegations covering all outlet products. Plaintiffs plead one specific "example" of allegedly deceptive outlet marketing, and their allegations as to that product are factually false and inaccurate. Plaintiffs allege that Vineyard Vines' Chappy men's swim trunks are of lower quality at the outlet solely because they are made of 100% polyester, relative to the Chappy swim trunks at the full-price stores which are allegedly made of a 86%/14% polyester/spandex blend. According to Plaintiffs, Vineyard Vines could not charge $89.50, or even the $69.99 charged at the outlet, for 100% polyester swim trunks (Comp. ¶ 28). In fact, as disclosed by a brief survey of Vineyard Vines' full-price stores or web site, some Vineyard Vines full-price Chappy swim trunks are also 100% polyester, yet are top "quality" and sold at the $89.50 price during the relevant period. By Plaintiffs' own definition of "quality," the outlet trunks were of no lesser quality than the 100% polyester trunks in the full-price store. Plaintiffs thus have not a single truthfully-pled instance in support of their sweeping, conclusory allegations that Vineyard Vines made misleading implied representations about the "quality" of each and every product sold in its outlets.

**II.**      **Plaintiffs Allege No Cognizable Injury**

Many courts have dismissed outlet-pricing cases substantively identical to this one on the grounds that the plaintiffs allege no cognizable injury to consumers. *See, e.g., Dacorta v. AM Retail Group, Inc.*, No. 16-cv-1748, 2018 U.S. Dist. LEXIS 10733 (S.D.N.Y. Jan 23, 2018); *Belcastro v. Burberry Ltd.*, 16-cv-1080-VEC, 2017 U.S. Dist. LEXIS 26296 (S.D.N.Y. Feb. 23, 2017); *Mulder v. Kohl's Dept. Stores, Inc.*, 865 F.3d 17 (1st Cir. 2017); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017); *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010); *Chowning v. Kohl's Dept. Stores, Inc.*, No. 15-cv-8673 (C.D. Cal. Mar. 15, 2016); *Johnson v. Jos. A. Bank Clothiers, Inc.*, No. 2:13-cv-756, 2014 U.S. Dist. LEXIS 115113 (S.D. Ohio Aug. 19, 2014). It is now well established that "a consumer's subjective disappointment at not receiving a promised bargain" is not a cognizable injury under the consumer protection laws of New York and other jurisdictions. *Belcastro*, U.S. Dist. LEXIS 26296 at *3, citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999).

B5102370.2

Honorable Joan M. Azrack, U.S.D.J.
February 21, 2020
Page 3

Attempts such as those by Plaintiffs to plead around these cases by asserting that the actual market price that they would have had to pay for outlet products would be even *less* than what they paid, if not for the alleged misrepresentation that they were worth *more* than they paid, have been dismissed as just a slightly dressed-up version of the "'but-I-thought-I-got-a-bargain' theory," where plaintiffs point to no physical deficiency in the product as their basis for the alleged price premium.  *See Belcastro*, U.S. Dist. LEXIS 26296 at *8, 13-14.  Further, general allegations of "inferior quality" without factual details are insufficient, even as to a single product, *Belcastro* at *13-14, *citing ID7D Co., Ltd. v. Sears Holding Corp.*, No. 11-cv-1054-VLB, 2012 U.S. Dist. LEXIS 52320, at *11 (D. Conn. Apr. 13, 2012), let alone blanket allegations about every product carried in a retail outlet.

### III.     Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they cannot allege that they will be deceived in the future by the challenged practices, and thus fail to demonstrate any likelihood of continuing or future injury.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *Dacorta*, 2018 U.S. Dist. LEXIS 10733 at *8-12 (dismissing a claim for injunctive relief in an outlet pricing case on this ground).

### IV.     The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Plaintiffs' fraud claim should be dismissed because they have not alleged facts that give rise to a strong inference of fraudulent intent by pleading facts to show that Vineyard Vines either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Plaintiffs' negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust between the parties, not found in an arm's-length commercial transaction.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).  Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged.  Plaintiffs' claim for breach of implied warranty of merchantability must be dismissed because they do not allege that the Vineyard Vines products they purchased were not of merchantable quality.  The unjust enrichment claim should be dismissed because it is not available where it merely duplicates a contract or tort claim, including GBL false-advertising claims.  *See Reyes*, 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims).

Respectfully submitted,

August T. Horvath